O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7/8

CIVIL MINUTES - GENERAL

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                             Not Present

**Proceedings:**   **(In Chambers) Order Granting U.S. Bank National Association's Motion to Dismiss**

Pending before this Court is Defendant's motion to dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court hereby GRANTS the motion.

I.   Background

Felipe Velasquez and Lillian Velasquez (collectively, "Plaintiffs") are individuals residing at or otherwise in possession of real property located at 16478 Spirit Road, Moreno Valley, California (the "Property"). Plaintiffs conveyed the Property as security for payment of a promissory note and Deed of Trust dated September 20, 2005. A default occurred in the payment of the promissory note and, at the request of the holder of the note, the Property's Trustee issued a Notice of Default and Election to Sell in the office of the County Recorder of Riverside County, California. The Trustee gave notice to Plaintiffs that the Property would be sold at public auction on June 9, 2008 to satisfy the obligations secured by the Deed of Trust. The Property was subsequently sold to U.S. Bank National Association ("Defendant") on June 9, 2008 and the Trustee's Deed Upon Sale was recorded.

On July 14, 2008, Defendant served Plaintiffs with a Notice to Quit requiring them to deliver possession of the premises to Defendant within 60 days. Plaintiffs disregarded Defendant's notice and remained in possession of the Property without Defendant's permission or consent.

On September 19, 2008, Defendant filed an unlawful detainer action against Plaintiffs in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7/8

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

the Superior Court of California, Riverside County. *Request For Judicial Notice ("RFJN")*, Ex. A.[1] On November 13, 2008, final judgment was entered in favor of Defendant. *RFJN*, Ex. F. The final judgment provided that Plaintiffs were to relinquish possession of the Property. A Writ of Possession was issued on November 20, 2008. *RFJN*, Ex. H.

     On February 13, 2009, Plaintiffs initiated this suit against Defendant alleging, in addition to a quiet title action, the following causes of action: 1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; 2) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605; 3) violation of 12 U.S.C. § 1831n(2)(A), which requires banks to follow uniform accounting principles consistent with generally accepted accounting principles ("GAAP"); and 4) knowingly giving false and inaccurate information, in violation of 15 U.S.C. § 1611. Defendant now moves to dismiss both complaints.

II.     <u>Legal Standard</u>

     Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations

---

[1] The Court may take judicial notice of orders by other courts as well as pleadings of another court when those pleadings contain adjudicative facts relevant to the issue at hand. *See* Fed. R. Evid. 201 (A judicially noticed fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995). "A court shall take notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Plaintiffs failed to file an opposition to Defendant's motion and have not otherwise objected to the propriety of judicial notice. Accordingly, the Court takes judicial notice of Plaintiff's September 19, 2008 complaint (Ex. A), as well as the November 13, 2008 final judgement of the Riverside Superior Court, Case No. RIU005710 (Ex. F) and the November 20, 2008 Writ of Possession (Ex. H).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7/8**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003). When a plaintiff proceeds pro se, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F. 3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints."). The Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III. Discussion

Plaintiffs have not filed an opposition to Defendant's motion to dismiss. Under the Local Rules, a party's failure to oppose a motion within the deadline may be deemed consent to the granting of the motion. L.R. 7-12. Nonetheless, the Court will reach the merits of Defendant's motion.

    A.    Quiet Title Action

Defendant argues that Plaintiffs' Quiet Title complaint should be dismissed because: 1) the issue of whether Defendant was entitled to evict Plaintiffs in an unlawful detainer action has already been adjudicated in state court and is barred from being re-litigated per the doctrine of *res judicata*; and 2) this Court lacks jurisdiction under the Rooker-Feldman doctrine.

Defendant first contends that this action is barred by *res judicata* because Plaintiffs previously lost a lawsuit in Riverside Superior Court based on the same operative facts. The doctrine of *res judicata* provides that a valid final judgment on the merits of an action bars the parties or their privies from later asserting claims that were or could have been raised in the earlier action. *Rivit v. Regions Bank*, 522 U.S. 470, 476, 118 S. Ct. 921, 139 L. Ed. 912 (1998).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7/8**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

"Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action." *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1162, 121 Cal. Rptr. 2d 773 (2002). State court judgments have the same preclusive effect in federal court as they would have in the state's own court. *See* 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). "The fact that a plaintiff requests a different type of relief, or even presents a different legal theory, does not negate or lessen the binding effect of the previous state court judgment." *Moore v. City of Costa Mesa*, 678 F.Supp. 1448, 1450 (C.D. Cal. 1987).

Defendant's state court action was to recover possession of the property via unlawful detainer, not to quiet title. Plaintiffs now bring an action for quiet title and request that ownership of the Property be restored to Plaintiffs. As the California Supreme Court has explained, "a judgment in unlawful detainer *usually* has very limited *res judicata* effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties." *Vella v. Hudgins*, 20 Cal. 3d 251, 255, 142 Cal. Rptr. 414 (1977) (emphasis added).

In *Vella*, the court held that a judgement in a prior unlawful detainer action did bar a subsequent action alleging that defendant had fraudulently induced plaintiff to default on a note so he could foreclose on the property. Noting that title to property cannot generally be tried in an unlawful detainer action, the court cited a "narrow and sharply focused" exception to this rule that permits a party "who has purchased property at a trustee's sale and seeks to evict the occupant in possession [to] show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title." *Id*. at 255. Invoking this exception, it stated, "courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." *Id*. at 256. Where the fraud alleged in a second action is not directly connected to the trustee's sale, however, relitigation is not barred unless the party asserting res judicata as a defense shows that the plaintiff had a full and fair opportunity to litigate the issue of ownership in the unlawful detainer proceeding. *Id*. at 257.

Here, Plaintiffs' quiet title claim is founded upon allegations of irregularity in a trustee's sale. Plaintiffs allege that "ownership of the loan cannot be established at the commencement of foreclosure because U.S. Bank National Association, et. al., never did own/hold the mortgage loan." As such, Plaintiffs' subsequent quiet title action is barred by the prior unlawful detainer

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7/8

CIVIL MINUTES - GENERAL

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

proceeding. Accordingly, this matter cannot be re-litigated in the instant federal action, and Plaintiffs' quiet title action is precluded by the doctrine of *res judicata*.[2]

  B.  <u>Federal Statute Claims</u>

Defendant argues that the remaining claims should be dismissed because: 1) TILA is inapplicable and does not afford the relief Plaintiffs seek; 2) Plaintiffs do not state facts sufficient to state a cause of action under RESPA; and 3) Plaintiffs have no private right of action under 12 U.S.C. § 1831n(2)(A).

  1.  <u>TILA Claims</u>

Plaintiffs' first cause of action alleges violation of 15 U.S.C. § 1601, which assures meaningful disclosure of credit terms to customers. However, § 1601 is a general provision setting forth the purpose of the Act and does not provide a private right of action. Accordingly, this claim is DISMISSED with prejudice.

Plaintiffs also assert a claim for violation of § 1611. Section 1611 provides that:

Whoever willfully and knowingly
(1) gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of this subchapter or any regulation issued thereunder,
(2) uses any chart or table authorized by the Board under Section 1606 of this title in such a manner as to consistently understate the annual percentage rate determined under Section 1606(a)(1)(A) of this title, or
(3) otherwise fails to comply with any requirement imposed under this subchapter, shall be fined not more than $5,000 or imprisoned not more than one year, or both.

Plaintiffs allege that Defendant did not produce proof of ownership of the Property and as such, Defendant is in violation of §1611. However, this interpretation of §1611 is inaccurate. TILA requires covered lenders to provide "material disclosures" to a borrower at the time of making a loan. 15 U.S.C. § 1602(u). "Material disclosures" include the annual percentage rate, the finance charge, the amount financed, an itemization of the amount financed, the payment

---

[2] Accordingly, the Court need not address Defendant's Rooker-Feldman argument.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7/8**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

schedule, and the total number of payments. *Id.* This statute does not govern eviction proceedings. Accordingly, Plaintiffs have failed to state a claim under § 1611.

Therefore, Defendant's motion to dismiss Plaintiffs' § 1611 TILA claim is GRANTED, with leave to amend.

      2.      RESPA Claim

Plaintiffs' second cause of action alleges that Defendant violated RESPA by failing to respond to Plaintiffs' "qualified written request" pursuant to 15 U.S.C. § 2605(e)(1)(B). Defendant contends that Plaintiffs have failed to state a claim under RESPA because Plaintiffs did not make a "qualified written request." *Id.*

Under RESPA, the borrower, or his agent, can initiate communication with the servicer by providing it with a "qualified written request" for loan information. *Id.* A qualified written request is defined as a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that: (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B)(i)-(ii). Plaintiffs argue that Defendant did not respond to their letters, yet there are no facts alleged to indicate that the letters Plaintiffs sent constituted a "qualified written request." Plaintiffs did not indicate to whom the requests were addressed, did not indicate the subject matter of the written correspondence, and did not offer any reasons for their dispute of the amount due on the loan.

Therefore, Defendant's motion to dismiss Plaintiffs' RESPA claim is GRANTED, with leave to amend.

      3.      12 U.S.C. § 1831n(2)(A) Claim

Plaintiffs' third cause of action alleges that Defendant's accounting principles violated 12 U.S.C. § 1831n(2)(A), which requires that certain filings with federal agencies by banking institutions be made in accordance with the Generally Accepted Accounting Procedures ("GAAP") set forth elsewhere in that section. 12 U.S.C. § 1831n(2)(A). Plaintiffs claim that Defendant's practice was to "buy [notes] on the secondary market and exchange the notes as mortgage backed securities." *Compl*. 5:5-6. Courts are split as to whether 12 U.S.C. § 1831n

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7/8**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1104 PSG (AJWx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Felipe Velasquez, et al. v. U.S. Bank National Association, et al. | | |

provides a private right of action. *Compare Mamerto v. Deutsche Bank National Trust Company*, No. 08-CV-00589-H, 2009 WL 1582911, at *5 (S.D. Cal. June 4, 2009) (holding that Plaintiff pled no facts supporting the allegation that Defendant violated § 1831n, thus implying that § 1831n provides a private right of action), *and Metcalf v. Drexel Lending Group, et al.,* No. 08-CV-00731, 2008 WL 4748131, at *3 (S.D. Cal. Oct. 29, 2008) (same), *with Mathews v. Washington Mutual Bank*, FA., No. 05-100, 2006 WL 2380460, at *4 n.6 (E.D. Pa. Aug. 14, 2006) (holding that there is no indication in the text, context, or history of § 1831 that it was intended to create a private right of action). After a close reading of 12 U.S.C. § 1831n, the Court agrees with *Mathews* and finds that nothing in the text of this federal statute suggests the existence of a private right of action against Defendant. As such, Defendant's motion to dismiss the third cause of action is GRANTED, with prejudice.

IV.    Conclusion

    For the foregoing reasons, the Court:

1.   GRANTS Defendant's Motion to Dismiss Plaintiffs' quiet title action, with prejudice.

2.   GRANTS Defendant's Motion to Dismiss Plaintiffs' 15 U.S.C. § 1601 claim, with prejudice.

3.   GRANTS Defendant's Motion to Dismiss Plaintiffs' 15 U.S.C. § 1611 claim, with leave to amend.

4.   GRANTS Defendant's Motion to Dismiss Plaintiffs' RESPA claim, with leave to amend.

5.   GRANTS Defendant's Motion to Dismiss Plaintiffs' 12 U.S.C. § 1831n(2)(A) claim, with prejudice.

    Plaintiffs may file an amended complaint within 21 of the date of this order. If Plaintiffs fail to file an amended pleading within the deadline, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**